# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY CAESAR, | Case No. 1:16-cv-00201-LJO-BAM |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION |
| v. | |
| UNITED STATES ARMY, et al., | FOURTEEN-DAY DEADLINE |
| Defendants. | |

### Findings and Recommendations

Plaintiff Danny Caesar ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, initiated this civil action on February 12, 2016. Plaintiff's complaint is currently before the Court for screening.

### Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-1123 (9th Cir. 2012), *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### **Plaintiff's Allegations**

Plaintiff names the Unites States Army and Board of the Correction of Military Records as defendants. In relevant part, Plaintiff alleges as follows:

> In December 1976 I was injured due to approx.. 17 hours of extreme exposure (cold weather) in Grafenfeld, Germany, because of a U.S. Army Training Exercise. Upon discharge, in March 1979, the Army failed to properly inform me of my medical condition, although they were aware of it. I asked the Army Review Board (case #AR 20140000050) to correct this mistake, and they denied me. The psychotic chasm that resulted caused me to become psychotic, not able to maintain a job, and eventually going back and forth to prison for the majority of my life; where I eventually learned of my psychosis. The Army Review Board failed to correct the mistake.

Doc. 1 at 5.

As relief, Plaintiff requests the following:

> I ask for a total of $20,000,000.00 for both actual and punitive damages for my entire life being ruined, both personally and legally; and left living with frostbite residuals pains (1/2 way excruciatiating [sic]), as a way of life – in part, due to the Allowance of 3rd World medical practice, here in California Department of

Corrections.

Doc. 1 at 6.

**Discussion**

Based on the allegations in his complaint, Plaintiff seeks to recover monetary damages for frostbite he suffered during Army Training Exercises. Plaintiff suggests that the Army was negligent in its diagnosis and treatment of his condition. The Court construes Plaintiff's claim against the United States Army and Board of the Correction of Military Records as arising under the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. § 2674 (liability of United States for tort claims). However, pursuant to the *Feres* doctrine, the government is not liable under the FTCA for injuries to servicemen "where the injuries arise out of or are in the course of activity incident to service." *Feres v. United States*, 340 U.S. 135, 146 (1950). As the injuries Plaintiff alleges in his complaint arose in the course of activity incident to military service, i.e., during Army training exercises prior to his discharge, his claim is barred. *Feres*, 340 U.S. at 146; *see also Jackson v. United States*, 110 F.3d 1484, 1489 (9th Cir. 1997) (*Feres* bars suits for medical malpractice even when treatment not for military-related injuries).

**Conclusion and Recommendations**

Based on the foregoing, it is HEREBY RECOMMENDED as follows:

1. This action be dismissed as barred under the *Feres* doctrine; and
2. All pending motions, including Plaintiff's motion for the appointment of counsel (Doc. 4) be terminated.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the

magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 22, 2016**                    /s/ Barbara A. McAuliffe
                                               UNITED STATES MAGISTRATE JUDGE